IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

ROBSON ROBERT
(*aka* ROBSON ROBERD)
(*aka* JOHN DOE),
DOB: 06/16/1974

Defendant.

Criminal Case No. CF0370-19
GPD Report No. 19-12070

DECISION AND ORDER
GRANTING
THE PEOPLE'S MOTION
TO REVOKE PROBATION

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 29, 2025 for a Revocation Hearing in the above-captioned matter related to Robson Robert's (*aka* Robson Roberd's) (*aka* John Doe's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Zachary Taimanglo. The People of Guam were represented by Assistant Attorney General Grant Olan. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

## BACKGROUND

On March 18, 2022, Defendant entered a plea of guilty to six counts of Vehicular Negligence (as a 3rd Degree Felony). See Judgment of Conviction (Apr. 7, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and

Decision and Order Granting the People's Motion to Revoke Probation
CF0370-19, *People of Guam v. Robson Robert*
Page 1 of 6

assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling. CSFC may also, if determined to be appropriate, refer the Defendant to the Domestic Abuse Project Workshop administered through the Probation Office of the Superior Court of Guam, and the Guam Behavioral Health and Wellness Center (GBHWC) for intake and assessment, and any other agencies or organizations as deemed appropriate.

- **COUNSELING/TREATMENT:** Defendant shall undergo and successfully complete a Driving with Care program.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **FINE:** Defendant shall pay a fine of three thousand dollars ($3,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred fifty (150) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On May 27, 2022, a Violation Report was filed indicating that Defendant had tested positive for both methamphetamine and marijuana in a recent drug test. See Violation Report (May 27, 2022).

On August 7, 2023, another Violation Report was filed, indicating that Defendant had not been attending his required counseling sessions at GBHWC's New Beginnings Program. See Violation Report (Aug. 7, 2023). The Report also made known that Defendant had not been reporting to the Probation Office as required. Id.

Decision and Order Granting the People's Motion to Revoke Probation
CF0370-19, *People of Guam v. Robson Robert*
Page **2** of **6**

On August 17, 2023, another Violation Report was filed, indicating that Defendant had again tested positive for methamphetamine in a recent drug test. See Violation Report (Aug. 17, 2023).

On September 11, 2023, another Violation Report was filed, indicating that Defendant had again not been reporting to the Probation Office as required. See Violation Report (Sep. 11, 2023).

On December 13, 2023, another Violation Report was filed, indicating that Defendant recently tested positive for methamphetamine, had not been reporting to the Adult Probation Office, and had not been attending his Driving with Care classes. See Violation Report (Dec. 13, 2023).

On January 4, 2024, another Violation Report was filed, indicating that Defendant hadn't been reporting to the Probation Office or his treatment classes at GBHWC's New Beginnings Program. See Violation Report (Jan. 4, 2024). The Report also detailed how Defendant recently refused to take a mandatory drug test and that he's made no progress in paying off his fines/court costs or working off his community service hours. Id.

On January 10, 2024, another Violation Report was filed, indicating that Defendant had again refused to take a mandatory drug test for the second time in a week. See Violation Report (Jan. 10, 2024).

On February 16, 2024, another Violation Report was filed, indicating that Defendant recently tested positive for methamphetamine. See Violation Report (Feb. 16, 2024). The Report also details Defendant's continued failures to report to the Probation Office as required. Id.

On June 19, 2024, another Violation Report was filed, indicating that Defendant again tested positive for methamphetamine in a recent drug test and also failed to take a different drug test. See Violation Report (Jun. 19, 2024).

On July 10, 2024, another Violation Report was filed, indicating that Defendant had not been reporting to the Probation Office as required. See Violation Report (Jul. 10, 2024).

On August 13, 2024, another Violation Report was filed, indicating that Defendant had recently tested positive for methamphetamine in a drug test. See Violation Report (Aug. 13, 2024).

On August 19, 2024, this matter came before the Court for Further Proceedings. See Minute Entry (Aug. 19, 2024). Defendant failed to appear and a bench warrant was issued for his arrest. See

Decision and Order Granting the People's Motion to Revoke Probation
CF0370-19, *People of Guam v. Robson Robert*
Page 3 of 6

Bench Warrant (Aug. 27, 2024). Defendant would spend the next eight months evading law enforcement before his eventual arrest in April 2025. See Return of Warrant (Apr. 23, 2025).

On January 8, 2024, the People filed their Motion to Revoke Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Jan. 8, 2024). Opposing the Motion, Defendant claims he retains the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Mar. 6, 2024).

On April 29, 2025, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Apr. 29, 2025).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

Decision and Order Granting the People's Motion to Revoke Probation
CF0370-19, *People of Guam v. Robson Robert*
Page 4 of 6

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Defendant repeatedly consumed methamphetamine throughout the course of his probation, failed to report to the Probation Office as required, and skipped mandatory treatment sessions at GBHWC. Furthermore, Defendant has made no progress on paying off his fines or completing his community service hours.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant's history of repeatedly violating the same probation conditions over and over again suggests that Defendant will not comply with future orders from the Court or the Probation Office.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

Decision and Order Granting the People's Motion to Revoke Probation
CF0370-19, *People of Guam v. Robson Robert*
Page 5 of 6

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this _____June 24, 2025_____.

_____

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG's  PDSC_

JUN 2 4 2025
Date: _____ Time: 2:53 pm

Evan L. Topasna
Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Motion to Revoke Probation
CF0370-19, *People of Guam v. Robson Robert*
Page 6 of 6